IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **WESTERN TECHNOLOGY SERVICES INTERNATIONAL, INC.,** § § § | |
| Petitioner, § | |
| § | Civil Action No. **3:09-CV-1033-L** |
| v. § | |
| § | |
| **CAUCHO INDUSTRIALES S.A.,** § § | |
| Respondent. § | |

# MEMORANDUM OPINION AND ORDER

Before the court are: (1) Petitioner's Application to Confirm Arbitration Award (doc. 1), filed June 4, 2009; (2) Cauchos Industriales, S.A.'s Application to Vacate an Arbitration Award under 9 U.S.C. § 10(a) (doc. 9), filed August 5, 2009; (3) Caucho Industriales, S.A.'s Application for Preliminary Injunction and to Stay Enforcement of the Arbitration Panel's Preliminary Injunction Order and Related Order Number 4 Pending Determination of Cauchos Industriales S.A.'s Application to Vacate (doc. 10), filed August 5, 2009; (4) Supplemental Application for Preliminary Injunction and to Stay Enforcement of the Arbitration Panel's Preliminary Injunction and Related Order Number 4 Pending Determination of Cauchos Industriales S.A.'s Application to Vacate (doc. 29), filed September 9, 2009; (5) Amended Supplemental Application for Preliminary Injunction and to Stay Enforcement of the Arbitration Panel's Preliminary Injunction Order and Related Order Number 4 Pending Determination of Cauchos Industriales, S.A.'s Application to Vacate (doc. 32), filed September 11, 2009; and (6) Westech's Motion for Sanctions (doc. 35), filed September 22, 2009. After carefully considering the motions, briefs, record, and applicable law, the court **grants** Petitioner's Application to Confirm Arbitration Award (doc. 1); **denies** Cauchos Industriales, S.A.'s

Application to Vacate an Arbitration Award under 9 U.S.C. § 10(a) (doc. 9); **denies as moot** Caucho Industriales, S.A.'s Application for Preliminary Injunction and to Stay Enforcement of the Arbitration Panel's Preliminary Injunction Order and Related Order Number 4 Pending Determination of Cauchos Industriales S.A.'s Application to Vacate (doc. 10); **denies as moot** Supplemental Application for Preliminary Injunction and to Stay Enforcement of the Arbitration Panel's Preliminary Injunction and Related Order Number 4 Pending Determination of Cauchos Industriales S.A.'s Application to Vacate (doc. 29); **denies as moot** Amended Supplemental Application for Preliminary Injunction and to Stay Enforcement of the Arbitration Panel's Preliminary Injunction Order and Related Order Number 4 Pending Determination of Cauchos Industriales, S.A.'s Application to Vacate (doc. 32); and **grants** Westech's Motion for Sanctions (doc. 35).

**I.     Background and Procedural History**

Petitioner Western Technology Services International, Inc. ("Petitioner" or "Westech") filed its Application to Confirm Arbitration Award on June 4, 2009. Westech and Respondent Cauchos Industriales, S.A. ("Respondent" or "Cainsa") entered into three agreements that are at issue in the underlying arbitration (the "Agreements"). Westech instituted arbitration, seeking a declaration that it properly terminated the agreements and seeking contractual remedies. It later sought a preliminary injunction pursuant to these agreements. The arbitration panel held a hearing on May 13 and 14, 2009, and granted Westech's motion for preliminary injunction. Westech now seeks confirmation of the arbitration panel's June 2, 2009 preliminary injunction (the "Preliminary Injunction"). Cainsa moves to vacate the Preliminary Injunction and to preliminarily enjoin the effectuation of the Preliminary Injunction until the court has ruled on its motion to vacate. Westech has moved for

sanctions against Cainsa, arguing that its motions to vacate and for a preliminary injunction are frivolous.

## II.     Analysis

### A.     Jurisdiction

Before reaching the merits of the parties' arguments, the court first addresses whether it has subject matter jurisdiction to confirm or vacate the Preliminary Injunction as requested by the respective parties. The court ordered the parties to provide supplemental briefing on this point, which was only addressed briefly by Westech in its application to confirm the arbitration award.

The Federal Arbitration Act ("FAA") provides in part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in section 10 and 11 of this title.

9 U.S.C. § 9. Section 10 provides that a court may vacate an arbitration award:

> (1)   where the award was procured by corruption, fraud, or undue means;
> (2)   where there was evident partiality or corruption in the arbitrators, or either of them;
> (3)   where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent or material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4)   where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. The statute also allows for modification or correction of an arbitration award:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11.

Because it is clear from the briefing that the underlying arbitration has not been finalized and the parties seek relief regarding to the Preliminary Injunction, the court requested additional briefing regarding whether it had jurisdiction to confirm or intervene an interlocutory order of the arbitration panel. The parties agree that the court has jurisdiction to grant them the relief they request.

Petitioner Westech argues that the court has authority to consider its request for relief pursuant to 9 U.S.C. § 9, which does not require a final arbitration award. It argues that unlike section 10, which requires a final award, nothing in section 9 requires that an award be final for a court to confirm it. Petitioner cites *Arrowhead Global Solutions, Inc. v. Datapath, Inc.*, 166 Fed. App'x 39, 43-44 (4th Cir. 2006), and *Ace/Cleardefense, Inc. v. Clear Defense, Inc.*, 47 Fed. App'x 582, 582 (D.C. Cir. 2002), *cert. denied*, 538 U.S. 925 (2003), in support of this argument.

Westech further argues that even if the court reads the FAA to require a final award, the Preliminary Injunction is a final award because it disposes of a separate and independent claim. It contends that the Preliminary Injunction disposed of Westech's claim for a preliminary injunction during the pendency of the arbitration. In support, it cites case law, including *Island Creek Coal Sales Co. v. City of Gainesville, Florida*, 729 F.2d 1046, 1049 (6th Cir. 1984)*, abrogated on other grounds*, *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 196-97 (2000).

Westech argues that the parties and the arbitration panel intended for the Preliminary Injunction to be final and confirmable. It points out that the Preliminary Injunction includes the following language:

> It is further ORDERED that, in accordance with the Dispute Resolution section contained in each of the Agreements, the arbitration proceedings are confidential and should be treated as such by Westech and Cainsa, except that disclosure of the terms of this Preliminary Injunction may be permitted to a court, tribunal or regulatory authority of competent jurisdiction in order to enable or expedite enforcement of this Preliminary Injunction.

Preliminary Injunction 11, ¶ 12 (original emphasis).

Finally, Westech argues that the Preliminary Injunction is an award of temporary equitable relief that other courts have held confirmable under the FAA. It contends that any other result would make meaningless arbitrators' ability to award temporary equitable relief.

Respondent Cainsa also argues that the court has jurisdiction to grant the relief it seeks – to enjoin the enforcement of and to vacate the Preliminary Injunction. It contends that in order to consider Westech's application to confirm the Preliminary Injunction, the court must also consider its application to modify or vacate the Preliminary Injunction. It also argues, as does Westech, that the Preliminary Injunction is a final and definite disposition of the claim for preliminary injunctive relief. It cites *Southern Seas Navigation Ltd. of Monrovia v. Petroleos Mexicanos of Mexico City*, 606 F. Supp. 692, 694 (S.D.N.Y. 1985), in which the court held that it had authority to review an interim award of an arbitration panel.

The court has reviewed the parties' arguments and cited case law and determines that it has jurisdiction to consider Westech's application to confirm the Preliminary Injunction and Cainsa's application to vacate it. The parties agree, and the arbitration panel apparently also determined, that

the Preliminary Injunction was the final determination of Westech's claim for temporary injunctive relief that the panel and the parties intended to be reviewable by the court. The court finds that although the Fifth Circuit has not specifically addressed this argument it will follow the result in *Arrowhead Global Solutions* and the authority therein cited. Accordingly, the court will consider the pending applications seeking relief relating to the Preliminary Injunction.

### B.   Cainsa's Motion for Preliminary Injunction

In its supplemental brief, Cainsa states:

> [G]iven the passage of time, **Cainsa'[s] Application for Preliminary Injunction is likely moot**. Beginning on November 9, 2009, the Panel conducted an 8-day hearing on the merits, which concluded on November 18, 2009. The Panel has requested final briefing on the issues be submitted by December 23, 2009. The Panel is required by the parties' Agreement to issue a reasoned award within 90-days of the close of the hearing. **Though it has been complying with the Panel's Preliminary Injunction, Cainsa's Application to Vacate remains ripe for consideration**.

Cainsa's Supp. Brief (doc. 51) 2 n.1 (emphasis added). In light of this statement and the court's consideration of the merits of the parties' respective applications to confirm or vacate the Preliminary Injunction, the court will not consider the motion for preliminary injunction, as it will reach the merits of the parties' arguments. The court therefore **denies as moot** Caucho Industriales, S.A.'s Application for Preliminary Injunction and to Stay Enforcement of the Arbitration Panel's Preliminary Injunction Order and Related Order Number 4 Pending Determination of Cauchos Industriales S.A.'s Application to Vacate (doc. 10), **denies as moot** Supplemental Application for Preliminary Injunction and to Stay Enforcement of the Arbitration Panel's Preliminary Injunction and Related Order Number 4 Pending Determination of Cauchos Industriales S.A.'s Application to Vacate (doc. 29), and **denies as moot** Amended Supplemental Application for Preliminary

**Memorandum Opinion and Order – Page 6**

Injunction and to Stay Enforcement of the Arbitration Panel's Preliminary Injunction Order and Related Order Number 4 Pending Determination of Cauchos Industriales, S.A.'s Application to Vacate (doc. 32).[*]

### C.   Westech's Motion to Confirm and Cainsa's Motion to Vacate

Westech contends that there is no statutory basis to vacate, modify, or correct the Preliminary Injunction. Cainsa argues that the court should vacate the Preliminary Injunction because the arbitration panel exceeded its powers in granting it.

#### 1.   The Preliminary Injunction

The arbitration panel entered the Preliminary Injunction on June 2, 2009. The parties submitted briefing and evidence, and the panel held a telephonic hearing on February 11, 2009, and an on-the-record, in-person hearing on May 13 and 14, 2009. The parties personally appeared at the May hearing, provided live testimony, and were represented by counsel. They also submitted written closing arguments to the panel.

The panel made findings of fact and conclusions of law. It determined that the noncompetition clause in one the Agreements was agreed to by both parties, that its limitations are reasonable, but that the geographic area, South America, "is overly broad and should be restricted to the specific countries" set forth in the Agreements. Prelim. Inj. ¶ 3. The panel therefore limited the noncompetition provision to Argentina, Bolivia, Brazil, Chile, Colombia, Peru, and Venezuela (the "Territory"). *Id*. It further held that Cainsa failed to meet certain quarterly sales requirements set forth in the Agreements. *Id*. at ¶ 4(a). Accordingly, it held that Westech showed a probable right

---

[*]Even if the court were to consider Respondent's applications, the court would deny them in light of its decision to confirm the Preliminary Injunction as set forth below. In light of that decision, there is no possibility that Cainsa could show a "substantial likelihood of success on the merits." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

**Memorandum Opinion and Order – Page 7**

to recover on its claims for a declaration that it properly terminated the Agreements and for enforcement of the noncompetition provision. *Id*. at ¶ 4(b).

The panel therefore enjoined Cainsa from: (1) "soliciting, hiring, or attempting to hire" Westech employees or independent contractors; (2) "interfering with or attempting to interfere with the relationship" between Westech and its customers, clients, suppliers, or consultants with respect to the Restricted Business; (3) "calling upon, soliciting, or attempting to solicit" any customer of Westech during the term of the Use Agreement with respect to the Restricted Business; (4) "engaging in any Competitive Activity . . . or the Restricted Business . . . anywhere in the Territory;" and (5) "using or disclosing" Westech's confidential information, trade secrets, or technology. *Id*. at ¶ 6. The panel defined the term "Products" as:

> (i)   truck bodies (without regard to whether such bodies are based on Westech designs);
> (ii)  heavy duty front end loader buckets for hard rock mining applications (10-24 cubic yard capacity) based on Westech designs;
> (iii) water tanks based on Westech designs;
> (iv)  cable handlers (without regard to whether such cable handlers are based on Westech designs); and
> (v)   tailgates (without regard to whether such tailgates are based on Westech designs).

*Id*. at ¶ 9.

### 2. Parties' Contentions

Westech contends that the court must confirm the Preliminary Injunction pursuant to 9 U.S.C. § 9 because there are no valid grounds to vacate, modify, or correct it pursuant to sections 10 or 11 of the FAA. Cainsa argues that the court should vacate the Preliminary Injunction pursuant to 9 U.S.C. § 10(a)(4) because the arbitration panel exceeded its powers during the course of arbitration. It contends that the arbitration panel failed to apply controlling Texas law of which it

was aware. It argues that the Preliminary Injunction imposes a worldwide exclusion on Cainsa, thereby imposing a greater restraint on it than is necessary. It further argues that the panel exceeded its powers by finding that Cainsa had breached its sales requirements and by ignoring applicable defenses under Texas law. Cainsa also argues that the panel exceeded its powers by broadening the definition of "Products" beyond Westech products.

### 3. Analysis

Before reaching Cainsa's specific objections, the court must consider the standards under which it may review an arbitration award. Cainsa contends that the panel made legal errors that amount to it exceeding its powers pursuant to 9 U.S.C. § 10(a)(4) and that vacatur of the Preliminary Injunction is warranted. Westech contends that Cainsa's legal argument is without merit, that it actually asks the court to vacate the award because of "manifest disregard" of the law, and that this nonstatutory ground for review was specifically rejected by the Supreme Court in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S. Ct. 1396 (2008).

In *Hall Street*, the Court held that sections 10 and 11 of the FAA "provide the FAA's exclusive grounds for expedited vacatur and modification." 128 S. Ct. at 1403. In reaching this conclusion, the Court specifically rejected a reading of the FAA that would allow general review of the findings of fact and legal conclusions of an arbitration panel and held that only "egregious" departures warranted review:

> [E]ven if we assumed §§ 10 and 11 could be supplemented to some extent, it would stretch basic interpretive principles to expand the stated grounds to the point of evidentiary and legal review generally. Sections 10 and 11, after all, address egregious departures from the parties' agreed-upon arbitration: "corruption," "fraud," "evident partiality," "misconduct," "misbehavior," "exceed[ing] powers," "evident material miscalculation," "evident material mistake," "award[s] upon a matter not submitted;" the only ground with any

**Memorandum Opinion and Order – Page 9**

>> softer focus in "imperfect[ions]," and a court may correct those only if they go to "[a] matter of form not affecting the merits."

*Id*. at 1404 (original brackets). The Court further held that limited exceptions to arbitral review support the policy favoring arbitration:

> Instead of fighting the text, it makes more sense to see the three provisions, §§ 9-11, as substantiating a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue or resolving disputes straightaway. Any other reading opens the door to the full-bore legal and evidentiary appeals that can render informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process and bring arbitration theory to grief in post-arbitration process.

*Id*. at 1405 (internal quotations and citation omitted).

The Fifth Circuit considered *Hall Street* in deciding *Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d 349 (5th Cir. 2009). It held:

> *Hall Street* unequivocally held that the statutory grounds are the exclusive means for vacatur under the FAA. Our case law defines manifest disregard as a *nonstatutory* ground for vacatur. Thus, to the extent that manifest disregard of the law constitutes a nonstatutory ground for vacatur, it is no longer a basis for vacating awards under the FAA.

*Id*. at 355 (original emphasis) (citations omitted).

Cainsa argues that the arbitration panel exceeded its authority pursuant to section 10(a)(4) because it failed to apply Texas law when it issued the Preliminary Injunction. It argues, citing *Brotherhood of Railroad Trainmen v. Central of Georgia Railway Company*, 415 F.2d 403 (5th Cir. 1969), *cert. denied*, 396 U.S. 1008 (1970), that "an award without foundation in reason or fact is equated with an award that exceeds the authority or jurisdiction on the arbitrating body." Cainsa's Brief in Support of App. to Vacate (doc. 9-23) 3. In its reply, it also cites *Saipem America v. Wellington Underwriting Agencies*, 335 Fed. App'x 377 (5th Cir. 2009), and argues in that case the

**Memorandum Opinion and Order – Page 10**

Fifth Circuit held that a panel did not exceed its powers when it made detailed findings supported by governing law. It contends that the opposite must also be true: "when a panel makes findings not supported by governing law, it may exceed its powers or so imperfectly execute them that a mutual, final and definite aware was not made." Cainsa's Brief (doc. 9-23), 5.

Westech argues that the scope of review of an arbitration award is exceptionally narrow, and that even if the panel made gross errors, this court may not reverse them. It contends that Cainsa has miscast its "manifest disregard" challenges as section 10(a)(4) challenges.

The court has reviewed the parties' arguments and the relevant case law and determines that Cainsa is not entitled to the review it seeks pursuant to the FAA and *Hall Street* and its progeny. In this case, there is no dispute that the parties agreed to arbitration or that the issues that the arbitration panel considered were properly submitted to the panel. Notwithstanding *Brotherhood of Railroad Trainmen* and *Saipem*, Cainsa cites no authority to support its argument that a misapplication of the law constitutes "exceeding power" under the FAA. *Brotherhood of Railroad Trainmen* did not address the FAA and was decided decades before *Hall Street*. In *Saipem*, the court did cite the parties' arguments regarding the applicability of Texas law, but it concluded: "Because the parties submitted the issue of attorneys' fees to the tribunal in the Terms of Reference, the tribunal properly considered the issue. We find that the arbitrators did not exceed their powers or award upon a matter not submitted to them." 335 Fed. App'x 377, *3. In this case, the court similarly determines that the arguments at issue were submitted to the arbitration panel pursuant to the parties' arbitration agreement; accordingly, the panel did not exceed its powers by deciding them.

In light of *Hall Street*, the court is unwilling to accept Cainsa's invitation to act as a fully-reviewing appellate court. Cainsa has failed to establish that vacatur of the Preliminary Injunction is proper pursuant to 9 U.S.C. § 10(a)(4). Accordingly, the court must confirm the Preliminary Injunction pursuant to 9 U.S.C. § 9. The court therefore **grants** Petitioner's Application to Confirm Arbitration Award and **denies** Cauchos Industriales, S.A.'s Application to Vacate an Arbitration Award under 9 U.S.C. § 10(a). The court hereby **confirms** the June 9, 2009 Preliminary Injunction entered by arbitrators Frank G. Adams, David N. Kay, and the Honorable Karen Willcutts.

### D. Westech's Motion for Sanctions

Finally, the court addresses Westech's request for sanctions against Cainsa pursuant to Rule 11 of the Federal Rules of Civil Procedure. It seeks joint and several sanctions against Cainsa and its counsel of record. Westech contends that Cainsa's application to vacate the Preliminary Injunction and motion for preliminary injunction to enjoin the effectuation of the Preliminary Injunction are frivolous, not warranted by existing law, and are not good-faith arguments for the extension, modification, or reversal of existing law. It contends that Cainsa filed these motions to harass it, delay the resolution of this action, and needlessly increase its attorney's fees and costs.

Cainsa responds that its motions are objectively reasonable and that they raise a "question of law on which reasonable minds can and in this instance clearly do differ." Cainsa Resp. 3, ¶ 5. It contends that its motions were made in good faith and without any improper purpose. It argues that neither its application to vacate the Preliminary Injunction nor its motions for preliminary injunction violate Rule 11. In support of its application to vacate, Cainsa cites *Citigroup*. In support of its motion for preliminary injunction, Cainsa argues that it was properly filed in an attempt to enjoin enforcement of the Preliminary Injunction while its application to vacate was pending.

Rule 11 of the Federal Rules of Civil Procedure provides that by presenting a pleading, motion, or other paper to a court, an attorney certifies to the best of his knowledge that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

Fed. R. Civ. P. 11(b). If a court determines that Rule 11(b) has been violated, it "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c). "[T]he standard under which the attorney is measured is an *objective*, *not subjective*, standard of reasonableness under the circumstances. Accordingly, an attorney's good faith will *not*, by itself, protect against the imposition of Rule 11 sanctions." *Jenkins v. Methodist Hosp. of Dallas, Inc.*, 478 F.3d 255, 264 (5th Cir.) (original emphasis) (citations and quotations omitted), *cert. denied*, 552 U.S. 825 (2007).

The court has carefully reviewed the parties' arguments and cited cases. It is clear that after *Hall Street*, "manifest disregard" is not a ground for vacating an arbitration award. Cainsa does not argue that this is the basis of its motion, but instead contends that the arbitration panel "exceeded its powers" pursuant to 9 U.S.C. § 10(a)(4). This argument is the crux of both Cainsa's application to vacate and motion for preliminary injunction, and the court must determine whether it is frivolous and sanctionable.

The court disagrees with Cainsa; however, this does not mean its argument is frivolous and sanctionable. While the court has concluded that Cainsa has failed to establish a statutory basis for vacatur, Cainsa has pointed to some law that it contends supports its interpretation of the law after

**Memorandum Opinion and Order – Page 13**

*Hall Street*. Under closer scrutiny, however, the alleged support evaporates. Cainsa's arguments simply are not supported by existing authority and make no legitimate argument for the modification or extension of existing law. The court now considers this alleged support to determine if Cainsa's argument for vacatur is sanctionable.

The only case cited by Cainsa that holds that a panel that makes an award "without foundation or reason" has exceeded its powers is *Brotherhood of Railroad Trainmen*. This case is more than forty years old and does not even consider the FAA. The Fifth Circuit considered *Brotherhood of Railroad Trainmen* recently in *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377 (5th Cir. 2004), and distinguished its result because it considered arbitration under the Labor-Management Relations Act, not the FAA. *Id*. at 383. In *Brabham*, decided before *Hall Street*, the court considered whether "arbitrary and capricious" was a valid nonstatutory ground for vacatur under the FAA. *Id*. at 385. The court noted that in cases such as *Brotherhood of Railroad Trainmen*, it had recognized this as a basis for review, but that these cases considered awards arising from collective bargaining agreements and that "review under the LRMA and review under the FAA, while often similar, are not interchangeable." *Id*. at 384 (citations omitted). The court then "reject[ed] arbitrariness and capriciousness as an independent nonstatutory ground for vacatur under the FAA." *Id*. at 385. Accordingly, the court determines that the result in *Brotherhood of Railroad Trainmen* has already been distinguished by the Fifth Circuit from FAA cases, and that this distinction was noted even before the Court's decision in *Hall Street*. The court therefore finds that reliance on *Brotherhood of Railroad Trainmen* to argue that an arbitration panel's misapplication of law exceeds its powers is objectively unreasonable.

Cainsa also relies on two cases decided after *Hall Street* in support of its application to vacate and in response to Westech's motion for sanctions. The court finds that it takes a strained and tortured reading of these cases to reach the result advocated by Cainsa and that reliance on these cases is not objectively reasonable.

Cainsa cites *Citigroup* in support of its argument and cites pages 350 and 358 of that opinion. Cainsa cites the grounds on which the district court held that vacatur was appropriate:

> The district granted the motion to vacate, holding that the award was made in manifest disregard of the law. The court based its holding on three grounds: 1) Bacon was not harmed by the withdrawals because her husband used the money for her benefit and subsequently promised to pay her back; 2) Bacon's claims were barred by Texas law, which permits such claims only if the customer reports the unauthorized transaction within thirty days of the withdrawal; and 3) Texas law requires apportionment among the liable parties, which, in this case, includes Bacon's husband.

*Citigroup*, 562 F.3d at 350. Cainsa emphasizes the second and third grounds, which consider the application of Texas law. Cainsa Resp. 4, ¶ 7. Cainsa also cites the court's conclusion and remand: "The court, however, did not consider whether the grounds asserted for vacating the award might support vacatur under any of the statutory grounds. Accordingly, we REMAND for further consideration not inconsistent with this opinion." *Citigroup*, 562 F.3d at 358.

Cainsa argues that because the appellate court remanded to the district court, which had considered two grounds for vacatur based upon misapplication of Texas law, it held that "an arbitration award that is not grounded in the substantive law mandated by the parties' agreement may be vacated on one of the statutory grounds found in the FAA." Cainsa Resp. 4, ¶ 7. The court finds that this remand instruction is not tantamount to a holding that misapplication of Texas law might meet one of the statutory exceptions; the appellate court was simply remanding for further proceedings on issues never raised in the district court in light of the intervening decision in *Hall*

**Memorandum Opinion and Order – Page 15**

*Street*. To read the remand language as a substantive holding is too much of a stretch, especially when that holding is at odds with *Hall Street*.

In its application to vacate the Preliminary Injunction, Cainsa also cites *Saipem America* in support of its contention that the panel may have exceeded its power. As with *Citigroup*, the court determines that Cainsa's reading of that decision in support of its argument is strained at best. Cainsa cites the court's conclusion in *Saipem America* that "[t]he arbitral panel made detailed findings which are well-supported by governing law, and it did not exceed its powers or so imperfectly execute them that a mutual, final, and definite award was not made." 335 Fed. App'x at 382. In light of *Hall Street* and *Citigroup*, the language that the "findings . . . are well-supported by governing law" is, at best, dicta, and not necessary to the court's conclusion that section 10(a)(4) was not satisfied. Moreover, Cainsa argues that this language raises an inference that the opposite is true, that a decision *not* supported by governing law can be vacated pursuant to section 10(a)(4). As with *Citigroup*, the court finds that Cainsa's interpretation of this language in *Saipem America* to support its application to vacate is not objectively reasonable. Cainsa cannot cherry-pick language from these decisions to try to avoid the clear holding of *Hall Street*.

The court does not sanction parties lightly and has carefully considered Cainsa's argument and the relevant law. It concludes that Cainsa has virtually no case authority to support its contention that an arbitration panel that misapplies the relevant law has exceeded its power pursuant to 9 U.S.C. § 10(a)(4). Accordingly, Cainsa's argument that is the basis for its application to vacate and its motion for preliminary injunction is not objectively reasonable. The court therefore **grants** Westech's Motion for Sanctions. The court determines that Westech has had to defend against these motions that were based on argument that is frivolous under existing law and that sanctions are

**Memorandum Opinion and Order – Page 16**

therefore appropriate pursuant to Rule 11 of the Federal Rules of Civil Procedure. The court **determines** that Westech is entitled to recover its attorney's fees and costs in responding to Cainsa's application to vacate and motions for preliminary injunction. Westech is not entitled to recover its attorney's fees for its costs in filing its own application to confirm the arbitration award. The court **directs** Westech to file an application for its attorney's fees pursuant to this order no later than **January 29, 2010**. The application must include supporting documentation and relevant authority. Any objections and supporting documentation must be filed by Cainsa no later than **February 12, 2010**. Objections must be limited to the reasonableness of Westech's attorney's fees or the scope of such fees pursuant to this order.

### III.   Conclusion

For the reasons stated herein, the court **grants** Petitioner's Application to Confirm Arbitration Award (doc. 1); **denies** Cauchos Industriales, S.A.'s Application to Vacate an Arbitration Award under 9 U.S.C. § 10(a) (doc. 9); **denies as moot** Caucho Industriales, S.A.'s Application for Preliminary Injunction and to Stay Enforcement of the Arbitration Panel's Preliminary Injunction Order and Related Order Number 4 Pending Determination of Cauchos Industriales S.A.'s Application to Vacate (doc. 10); **denies as moot** Supplemental Application for Preliminary Injunction and to Stay Enforcement of the Arbitration Panel's Preliminary Injunction and Related Order Number 4 Pending Determination of Cauchos Industriales S.A.'s Application to Vacate (doc. 29); **denies as moot** Amended Supplemental Application for Preliminary Injunction and to Stay Enforcement of the Arbitration Panel's Preliminary Injunction Order and Related Order Number 4 Pending Determination of Cauchos Industriales, S.A.'s Application to Vacate (doc. 32); and **grants** Westech's Motion for Sanctions (doc. 35). The court **confirms** the June 9, 2009

Preliminary Injunction entered by arbitrators Frank G. Adams, David N. Kay, and the Honorable Karen Willcutts, and will enter judgment by separate document.

**It is so ordered** this 15th day of January, 2010.

                                            Sam A. Lindsay
                                            United States District Judge