IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WESTERN TECHNOLOGY SERVICES INTERNATIONAL, INC.,** | § § § § | |
| Petitioner, | § § | Civil Action No. **3:09-CV-1033-L** |
| v. | § § | |
| **CAUCHO INDUSTRIALES S.A.,** | § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Respondent Caucho Industriales S.A.'s Motion to Reconsider Rule 11 Sanctions, filed February 2, 2010. Caucho Industriales S.A. ("Respondent" or "Cainsa") asks the court to reconsider in part its January 15, 2010 memorandum opinion and order granting Petitioner Western Technology Services International, Inc.'s ("Petitioner" or "Westech") motion for sanctions. Petitioner opposes the motion. The court held a hearing on April 7, 2010, and heard arguments from both parties. After carefully considering the motion, record, and applicable law, the court **grants** Cainsa's Motion to Reconsider Rule 11 Sanctions.

## I.    Procedural and Factual Background

Westech filed its Application to Confirm Arbitration Award on June 4, 2009. Westech and Cainsa entered into three agreements that are at issue in the underlying arbitration. Westech instituted arbitration, seeking a declaration that it properly terminated the agreements and seeking contractual remedies. It later sought a preliminary injunction pursuant to these agreements. The arbitration panel held a hearing on May 13 and 14, 2009, and granted Westech's motion for preliminary injunction. Westech sought confirmation of the arbitration panel's June 2, 2009

**Memorandum Opinion and Order – Page 1**

preliminary injunction (the "Preliminary Injunction"). Cainsa moved to vacate the Preliminary Injunction and to preliminarily enjoin the effectuation of the Preliminary Injunction until the court had ruled on its motion to vacate. Westech also sought sanctions against Cainsa, arguing that its motions to vacate and for a preliminary injunction were frivolous.

The court granted Westech's motion to confirm the arbitration award and its motion for sanctions. Westech contended that Cainsa's argument that the arbitration panel exceeded its powers pursuant to 9 U.S.C. § 10(a)(4) by manifestly disregarding the law was objectively unreasonable. It argued that two recent cases, *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008), and *Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d 349 (5th Cir. 2009), foreclosed this position. The court carefully considered the cases cited by both parties and determined that Cainsa's arguments were "not supported by existing authority and [made] no legitimate argument for the modification or extension of existing law." Mem. Op. and Order (Jan. 15, 2010) 14. The court therefore granted Westech's motion for sanctions and held that it was entitled to recover its attorney's fees and costs in responding to Cainsa's application to vacate and motions for preliminary injunction. Westech subsequently filed its Application for Attorneys' Fees on February 2, 2010. The briefing on the request for attorney's fees was stayed pending resolution of the instant motion.

## II. Motion to Reconsider

Cainsa has moved the court to reconsider its memorandum opinion and order to the extent that it granted Westech's motion for sanctions. It contends that its position – that manifest disregard of the law could constitute "exceeding power" pursuant to 9 U.S.C. § 10(a)(4) – is objectively reasonable based upon certain language in *Citigroup*. It argues that other parties have made the same argument, including the parties in *Citigroup* after that case was remanded to the district court.

**Memorandum Opinion and Order – Page 2**

Cainsa argues that other circuits have held that manifest disregard survives *Hall Street* in some form as a statutory basis for vacatur.  It further contends that its argument is reasonable in light of the "essence test" adopted by the Fifth Circuit.

Westech responds that Cainsa has failed to satisfy its burden on a motion to reconsider.  It contends that the subjective good faith of Cainsa's counsel is irrelevant because the standard for reasonableness is objective.  Further, it argues that Cainsa's arguments about the case law are unavailing.  Westech contends that the position of the parties before the district court upon remand in *Citigroup* is also irrelevant.

The court has the inherent power to revise or reconsider its orders.  *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).  This is a close case, but the court has been persuaded that Cainsa's position does not cross the line to violate Rule 11 of the Federal Rules of Civil Procedure.  Because it is a close case, the court finds that the better legal approach is not to sanction Cainsa.  This decision does not change the court's prior confirmation of the Preliminary Injunction.

In reaching this decision the court looks primarily to the language cited repeatedly by Cainsa at the hearing: "Thus, *to the extent* that manifest disregard of the law constitutes a nonstatutory ground for vacatur, it is no longer a basis for vacating awards under the FAA." *Citigroup*, 562 F.3d at 355 (emphasis added).  Cainsa argues that the term "to the extent" should be read to have meaning in this sentence, and to conclude that manifest disregard is neither a statutory nor nonstatutory ground for vacatur is to ignore the court's modifying language.  The *Citigroup* court, after making this statement, cites cases from other circuits, including the Second and Ninth Circuits, that have "reconceptualized" the application of manifest disregard after *Hall Street* and held that in some cases it can be the basis for vacatur under 9 U.S.C. § 10(a)(4).  *Id*. at 356-57 (discussing *Stolt-Nielsen S.A.*

*v. AnimalFeeds Int'l Corp.*, 548 F.3d 85 (2d Cir. 2008), *rev'd*, ___ S. Ct. ___, 2010 WL 1655826 (Apr. 27, 2010), and *Comedy Club Inc. v. Improv West Assocs.*, 553 F.3d. 1277 (9th Cir.), *cert. denied*, 130 S. Ct. 145 (2009). Westech argues that the *Citigroup* court held unequivocally that "manifest disregard" does not survive *Hall Street* as a basis for vacatur under the FAA.

The court has carefully reviewed the parties' arguments and applicable law. The court reconsiders its earlier decision and determines that Cainsa's position was not objectively unreasonable for two reasons. First, the court determines that there is some ambiguity in the *Citigroup* decision that gives it pause. The *Citigroup* court made the statement that manifest disregard was no longer a basis for vacatur *to the extent* it was a nonstatutory ground. While it made other statements in the opinion that are inconsistent with this, there is some basis for an argument that manifest disregard could be considered under one of the statutory grounds for vacatur.

Second, the recent Supreme Court decision in *Stolt-Nielsen*, which was issued after the briefing and hearing on this motion, also lends support to Cainsa's argument. 2010 WL 1655826. In that case, the Court reversed and remanded the Second Circuit's decision, holding that imposing class arbitration on parties who had not agreed to class arbitration is inconsistent with the FAA. *Id*. at *14. The Court did not resolve the specific question before this court: "We do not decide whether 'manifest disregard' survives our decision in *Hall Street*, as an independent ground for review or as a judicial gloss on the enumerated grounds for vacatur set forth at 9 U.S.C. § 10." *Id*. at *7 n.3 (citation omitted). In light of this decision, which left the precise question at issue in this case unresolved, the court determines that Cainsa's position is not objectively unreasonable.

Accordingly, the court determines that Cainsa's request for reconsideration should be granted. The court's discussion of the motion for sanctions is set forth at pages twelve through seventeen of its January 15, 2010 memorandum opinion and order. The court hereby **vacates** that portion of its memorandum opinion and order that granted Westech's Motion for Sanctions (doc. 35). In light of this memorandum opinion and order, the court hereby **denies** Westech's Motion for Sanctions (doc. 35) and **denies as moot** Westech's Application for Attorneys' Fees, filed February 1, 2010 (doc. 58).

### III.    Conclusion

For the foregoing reasons, the court **grants** Cainsa's Motion to Reconsider Rule 11 Sanctions. The court **vacates in part** its January 15, 2010 memorandum opinion and order as set forth in this opinion. The court **denies** Westech's Motion for Sanctions and **denies as moot** Westech's Application for Attorneys' Fees.

**It is so ordered** this 7th day of May, 2010.

　　　　　　　　　　　　　　　　　　　　　Sam A. Lindsay
　　　　　　　　　　　　　　　　　　　　　United States District Judge