IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| WESTERN TECHNOLOGY SERVICES INTERNATIONAL, INC., | § | |
|---|---|---|
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-1033-L** |
| | § | |
| **CAUCHOS INDUSTRIALES S.A.,** | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Westech's Second Renewed Application for Attorneys' Fees, filed August 3, 2010. After carefully considering the application, response, reply, record, and applicable law, the court **denies** Westech's Second Renewed Application for Attorneys' Fees.

**I.     Background**

Petitioner Western Technology Services International, Inc. ("Petitioner" or "Westech") filed its Notice of Application and Application to Confirm Arbitration Award on June 4, 2009. Westech and Respondent Cauchos Industriales, S.A. ("Respondent" or "Cainsa") entered into three agreements that are at issue in the underlying arbitration (the "Agreements"). Westech instituted arbitration, seeking a declaration that it properly terminated the agreements and seeking contractual remedies. It later sought a preliminary injunction pursuant to these agreements. The arbitration panel held a hearing on May 13 and 14, 2009, and granted Westech's motion for preliminary injunction.

Westech sought confirmation of the arbitration panel's June 2, 2009 preliminary injunction (the "Preliminary Injunction"), and Cainsa moved to vacate the Preliminary Injunction and to

**Memorandum Opinion and Order – Page 1**

preliminarily enjoin the effectuation of the Preliminary Injunction until the court ruled on its motion to vacate. Westech moved for sanctions against Cainsa, contending that its motions to vacate and for a preliminary injunction were frivolous.

On January 15, 2010, the court confirmed the Preliminary Injunction, denied Cainsa's motions for preliminary injunction, and granted Westech's motion for sanctions. The court also entered judgment confirming the Preliminary Injunction. Cainsa subsequently moved for reconsideration of the portion of the court's decision granting sanctions against it. The court held a hearing on the motion for reconsideration on April 7, 2010, and, on May 7, 2010, the court vacated the portions of its January 15, 2010 memorandum opinion and order sanctioning Cainsa.

The arbitration panel entered its Final Award on May 4, 2010 (the "Final Award"), and Westech moved to confirm it on May 14, 2010. Cainsa did not challenge Westech's application to confirm the Final Award, and the court confirmed the Final Award on July 20, 2010.

## II.     Analysis

Westech has now moved to recover its attorney's fees incurred in this enforcement action. It argues that Cainsa's challenges to the Preliminary Injunction were not cognizable under the Federal Arbitration Act ("FAA"), were frivolous, and were without legal justification. It further argues that it is entitled to receive attorney's fees pursuant to the Agreements. Westech seeks recovery of $63,017 in attorney's fees, which is a portion of the $80,000 it contends it has incurred in this federal court proceeding.

Cainsa opposes the motion. It argues that the ordinary rule is that the FAA does not provide for attorney's fees. It further argues that the issue of attorney's fees was submitted to the arbitration panel and that the Agreements do not provide for the recovery of enforcement costs. Cainsa

contends that there is no statutory basis for an award of attorney's fees and that its challenges to the Preliminary Injunction were cognizable under the FAA, were not frivolous, and had merit.

### A. Attorney's Fees Pursuant to the FAA

The court first considers whether Westech is entitled to attorney's fees pursuant to the FAA. A district court may award attorney's fees against a party making challenges to arbitration awards that are not cognizable under the FAA, are frivolous, or are without legal justification. *International Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Texas Steel Co.*, 639 F.2d 279, 283 (5th Cir. 1981).

Westech argues that it is entitled to attorney's fees despite the court's decision to vacate the portions of its January 15, 2010 memorandum opinion and order imposing sanctions on Cainsa. It contends that the court held that Cainsa was not entitled to vacatur of the Preliminary Injunction, and therefore Cainsa's arguments are "not cognizable" pursuant to the FAA. Cainsa contends that Westech is simply rearguing its motion for sanctions, which the court ultimately denied.

The court agrees with Cainsa. For the reasons that it determined that Cainsa should not be sanctioned, the court finds that Cainsa should not be held responsible for attorney's fees. In its order on the motion to reconsider, the court determined that:

> Cainsa's position was not objectively unreasonable for two reasons. First, the court determines that there is some ambiguity in the *Citigroup* [*Global Markets, Inc. v. Bacon*, 562 F.3d 349 (5th Cir. 2009)] decision that gives it pause. The *Citigroup* court made the statement that manifest disregard was no longer a basis for vacatur *to the extent* it was a nonstatutory ground. While it made other statements in the opinion that are inconsistent with this, there is some basis for an argument that manifest disregard could be considered under one of the statutory grounds for vacatur.
>
> Second, the recent Supreme Court decision in *Stolt-Nielsen* [*S.A. v. AnimalFeeds Int'l Corp.*, 548 F.3d 85 (2d Cir. 2008), *rev'd*,

> 130 S. Ct. 1758 (2009)], which was issued after the briefing and hearing on this motion, also lends support to Cainsa's argument. In that case, the Court reversed and remanded the Second Circuit's decision, holding that imposing class arbitration on parties who had not agreed to class arbitration is inconsistent with the FAA. *Id.* at [1776]. The court did not resolve the specific question before this court: "We do not decide whether 'manifest disregard' survives our decision in *Hall Street*, as an independent ground for review or as a judicial gloss on the enumerated grounds for vacatur set forth in 9 U.S.C. § 10." *Id.* at [1768] n.3 (citation omitted). In light of this decision, which left the precise question at issue in this case unresolved, the court determines that Cainsa's position is not objectively unreasonable.

Mem. Order and Op. (May 7, 2010) 4 (original emphasis).

Although ultimately unsuccessful, the court determines that Cainsa's arguments do not meet the standard set forth in *International Association of Machinists*. This is a close call, but the court will not exercise its discretion to award attorney's fees to Westech in light of its ultimate decision that Cainsa's actions were not sanctionable. The court finds that Cainsa's position regarding vacatur was arguably cognizable under the FAA, and that it was not frivolous or without some legal justification.

### B. Attorney's Fees Pursuant to the Agreements

Accordingly, the court considers Westech's argument that it is entitled to recover attorney's fees pursuant to the Agreements. Specifically, Westech points to a provision in each of the three contracts that it contends provides the basis for an award of attorney's fees:

> CAINSA and Westech shall attempt to resolve through negotiation any dispute, controversy or claim arising out of or in relation to or in connection with the interpretation or enforceability of this Agreement, the transactions carried out under this Agreement, or the relationship of the parties created under this Agreement (a "Dispute").

> Any Disputes the parties are unable to resolve through negotiation or mediation shall be exclusively and finally settled by binding confidential arbitration. The arbitration proceeding shall be held in Dallas, Texas, before a panel of three arbitrators, conducted in the English language, governed by the rules of the American Arbitration Association ("AAA") for Large Complex Commercial Cases, as amended from time to time, and any award shall be subject to the 1958 UN Convention of the Recognition and Enforcement of Foreign Arbitral Awards. . . .
>
> The arbitrators shall announce the award and the reasons therefor in writing within three months after the conclusion of the presentation of evidence and oral or written argument, or within such other period as the parties may agree upon in writing. The award shall determine (i) the reasonable costs of the arbitration incurred by each of the parties, including without limitation arbitrators', attorneys' and experts' fees and expenses, and AAA expenses, if any, and (ii) which of the parties shall bear such costs or in what proportion they shall be borne by the parties. The decision of the arbitrators shall be final and binding upon the parties. Judgment upon the award rendered may be entered in any court having jurisdiction over the person or the assets of the non-prevailing party or application may be made to such court for a judicial confirmation of the award and an order of enforcement, as the case may be.

Technology Use Agreement § 11, 11-12 (doc. 1-3); *see also* Technical Assistance Agreement § 7, 4-5 (doc. 1-4) (identical provision); Sales Commission Agreement § 7, 4-5 (doc. 1-5) (identical provision). Westech argues that these provisions provide the basis for it to recover attorney's fees relating to the enforcement of the arbitration awards in this court.

Cainsa responds that the issue of attorney's fees was submitted to the arbitration panel, and that the parties' submission included their requests for attorney's fees in this federal court proceeding. It notes that the arbitration panel expressly considered and rejected Westech's request for attorney's fees in this action, which included the same fees and costs it seeks to recover in this motion. In ruling on Westech's requests for fees and costs, the Final Award states:

    b. Attorneys' Fees and Costs – Federal Court Enforcement Action in the amount of $62,866.95.

    The Panel finds these not to be reasonable costs of the arbitration and are disallowed.

Final Award 60 (doc. 74-1). Cainsa argues that Westech is now seeking fees already denied by the arbitration panel.

  In reply, Westech acknowledges that it asked the arbitration panel for fees it incurred in this action, but it contends that the panel's decision was simply that such fees were not reasonable costs of the arbitration. Further, it argues that the parties did not jointly submit their requests to the arbitration panel because Cainsa did not make a request for its attorney's fees in this action. Finally, Westech argues that the panel's decision that its attorney's fees in this action were not costs of the arbitration does not foreclose the court from awarding it fees that are costs of this action.

  The court has carefully reviewed the provisions regarding attorney's fees, and it is clear that the Agreements contemplate an award of attorney's fees as part of the arbitration award. Pursuant to the Agreements, Westech submitted its request for the same fees it seeks here to the arbitration panel, as permitted by the Agreements. The arbitration panel denied its request. While the court agrees that there may be a distinction between costs that are part of the arbitration versus costs of this enforcement action, it has already determined that Westech is not entitled to a recovery of fees in this action pursuant to the FAA. In light of the language of the Agreements and the arbitration panel's denial of Westech's request pursuant to the Agreements, the court will not award Westech attorney's fees in this case on this basis.

### III. Conclusion

For the reasons stated herein, the court **denies** Westech's Second Renewed Application for Attorneys' Fees.

**It is so ordered** this 16th day of November, 2010.

Sam A. Lindsay
United States District Judge